IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) Case No.: 24-cv-561 |
| | ) |
| v. | ) |
| | ) Honorable Matthew F. Kennelly |
| WILLIAM WHITLEY and THE CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANT CITY OF CHICAGO'S RULE 12(b)(6) MOTION TO DISMISS**

Defendant, the City of Chicago ("City"), by and through one of its attorneys, Marion C. Moore, Chief Assistant Corporation Counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint against the City, with prejudice. In support thereof, the City states as follows:

### **INTRODUCTION AND STATEMENT OF FACTS**

On January 22, 2024, Plaintiff Jane Doe ("Plaintiff") filed her Complaint. Doc. 1. The City moved to dismiss, and then Plaintiff filed her Amended Complaint on April 28, 2024. Doc. 14, 18. The Amended Complaint essentially just removed the allegations Plaintiff made in her initial complaint relating to her age and the year in which she began to allegedly repress her memories and added an allegation that Defendant Whitley implied he would harm her if she spoke about his actions. *Compare* Doc. 1, 18 at paragraphs 40 and 44 and 59-61 (Doc. 1) 59-64 (Doc. 18).[1]

---

[1] The City notes here that its initial motion to dismiss included an argument that Plaintiff's *Monell* claim was time-barred. Doc. 14, pp. 3-6. This Amended Complaint was seemingly filed to address that issue. While the City questions the utility of simply removing allegations that will be established in discovery, the City does not make the statute of limitations argument in this motion because this Amended Complaint supersedes the initial Complaint. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013). Instead, the City will pursue this defense via other means.

Plaintiff alleges that Defendant William Whitley ("Whitley") compensated Plaintiff with money and drugs in exchange for her participation in sexual conduct with him and other men both at Whitley's apartment and in his vehicle. Doc. 18 at ¶¶ 40–60. She claims that Whitley made it known throughout this time that he was a Chicago police officer and further alleges that Whitley was aware that Plaintiff was a minor throughout at least some of this time period. *Id.* Based on these allegations, Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 claiming that Whitley and the City violated her Constitutional rights. Doc. 18. Plaintiff also brings additional claims under Illinois law. *Id.*

Plaintiff's Complaint contains seven counts: Count I – Fourteenth Amendment Substantive Due Process claim against Whitley; Count II – Fourteenth Amendment *Monell* claim against the City; Count III – "Failure to Investigate, Effectively Investigate, and/or Appropriately Discipline" claim against the City under Illinois law; Count IV – Childhood Sexual Abuse claim against both Defendants under Illinois law; Count V – Sex Trafficking claim against both Defendants under Illinois law; Count VI – Battery claim against both Defendants under Illinois law; and Count VII – Intentional Infliction of Emotional Distress against both Defendants. The City now moves to dismiss Plaintiff's Amended Complaint.

Plaintiff's claims against the City should be dismissed for failure to state a claim for multiple reasons. First, Plaintiff's *Monell* claim should be dismissed because (a) Plaintiff alleges no state action and (b) Plaintiff's Complaint does not contain sufficient allegations to support or show that any alleged policy or practice was the "moving force" behind any alleged constitutional injury suffered by Plaintiff. Second, Plaintiff's state law claims brought against the City pursuant to *respondeat* superior (Counts IV-VII) should be dismissed because Whitley was not acting within the scope of his employment at the time he allegedly engaged in sexual conduct with Plaintiff. And finally, third, Plaintiff's "Failure to Investigate, Effectively Investigate, and/or Appropriately Discipline" claim should be dismissed because (a) it is barred by the Illinois Local Governmental and Governmental Employees Tort

2

Immunity Act, 745 ILCS 10/1-101 *et seq.* ("Tort Immunity Act") and (b) Plaintiff has not adequately alleged proximate causation.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, will state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's statement of claims requires more than labels, conclusions, or a recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, *Chancey v. Suburban Bus Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 626–27 (7th Cir. 1995), but may disregard a complaint's "inconceivable" allegations, *Atkins v. City of Chi.*, 631 F.3d 823, 830 (7th Cir. 2011). Indeed, a court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (cleaned up).

## ARGUMENT

### I. Plaintiff's *Monell* claim should be dismissed because Plaintiff has not pled a constitutional violation.

It is well settled that a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *First Midwest Bank v. City of Chi.*, 988 F.3d 978, 986-87 (7th Cir. 2021); *See also City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Matthews v. City of E. St. Louis,* 675 F.3d 703, 709 (7th Cir. 2012). Here, because no action has been alleged that can be fairly attributed to the City, Plaintiff cannot properly allege an underlying constitutional violation.

3

Plaintiff alleges that Whitley was acting under color of law, thereby causing his actions to amount to a constitutional violation. Doc. 18 at ¶ 7. But the inquiry does not end there. Even if, *arguendo*,[2] Whitley was purporting to act under color of law by abusing the power given to him by the state, there must still be action fairly attributable to the City for there to be a constitutional violation. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (explaining the plaintiffs "must establish not only that [the defendant] acted under color of the challenged statute, but also that its actions are properly attributable to the State of New York."). The Supreme Court has explained:

> [This conclusion] is not inconsistent with the statement in *Flagg Brothers* that these two elements [state action and action under color of state law] denote two separate areas of inquiry. First, although we hold that conduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law, **it does not follow from that that all conduct that satisfies the under-color-of-state-law requirement would satisfy the Fourteenth Amendment requirement of state action**.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982) (emphasis added) (cleaned up). And regarding the substance of the "state action" requirement, the Supreme Court went on to explain:

> Our cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State. These cases reflect a two-part approach to this question of 'fair attribution.' First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible…Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this,

---

[2] The City denies that Plaintiff has adequately alleged that Whitley was acting under color of law but understands that such an argument is better reserved for summary judgment if the case proceeds there. Indeed, a municipal employee's actions "occur under color of state law when they relate to official duties." *Luce v. Town of Campbell*, 872 F.3d 512, 514 (7th Cir. 2017). "Acts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way related to the performance of police duties." *Gibson v. City of Chi.*, 910 F.2d 1510, 1516 (7th Cir. 1990) (cleaned up). The City submits that soliciting a minor to perform sexual acts was not related in any way to Whitley's official duties as a police officer., and thus he was not acting under color of law during the events alleged in the Complaint. *See, e.g. DiDonato v. Panatera,* 19 C 2737, 2019 WL 3934933, at *4 (N.D. Ill. Aug. 20, 2019) (explaining "actions unrelated to a state actor's official duties are not taken under color of state law.") (cleaned up). And if Whitley was not acting under color of law, then the City cannot be liable. Indeed, the United States Supreme Court has held that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).

>private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Id.* at 937. The "fair attribution" analysis requires a court to focus on "the specific conduct of which the plaintiff complains." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (cleaned up). Thus, here, the focus should be on the specific wrongdoing that Plaintiff seeks to attribute to the City—an off-duty police officer's soliciting of minors to engage in sexual activity—rather than the other allegations relating to Whitley's conduct and the City's purported policies and practices.

Regarding the various tests used to determine the existence of "fair attribution," the Seventh Circuit has identified the symbiotic relationship test, the state command and encouragement test, the joint participation doctrine, and the public function test. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823–24 (7th Cir. 2009). The "symbiotic relationship test" involves mutually conferred benefits, *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961), the "joint participation doctrine" involves conspiracy-type allegations, *Lugar*, 457 U.S. at 931, and the "public function test" acknowledges that certain governmental obligations must be outsourced to private companies or individuals, *Rodriguez*, 577 F.3d at 826. As to the "encouragement test," the Supreme Court has stated "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (cleaned up). "Our cases state that a State is responsible for the act of a private party when the State, by its law, has compelled the act. This Court, however, has never held that a State's mere acquiescence in a private action converts that action into that of the State." *Flagg Bros.*, 436 U.S. at 164 (cleaned up). Clearly, none of these situations apply here.

In *Lindke v. Freed*, the Supreme Court recently commented, when deciding on whether a public official's social media posts constituted state action, on the complicated nature of color of law and state action, stating that "the line between private conduct and state action is difficult to draw." 601

5

U.S. 187, 188, 144 S.CT. 756 (2024). The Court further stated "[f]or state action to exist, the State must be 'responsible for the specific conduct of which the plaintiff complains.' There must be a tie between the official's authority and 'the gravamen of the plaintiff's complaint.'" *Id.* at 189. (*quoting Blum*, 457 U.S. at 1003, 1004). Ultimately, the Court held that the public official only engaged in state action if he had actual authority to speak on the state's behalf on the matter at hand <u>and</u> exercised that authority. *Id.* at 204 (emphasis added). While the *Lindke* opinion is limited to the circumstances at issue there (social media posts), the City submits that a similar analysis is relevant here. Whitley is alleged to have abused his authority while soliciting sexual conduct from Plaintiff, but the City certainly did not give him the authority to solicit sexual activity from minors (or anyone). Therefore, here, the tie between Whitley's alleged abuse of authority and the actual authority given to him by the state as a police officer is not so tied as to constitute an action fairly attributable to the City. Whitley was not acting in performance of any duty or any actual power granted to him (for example, he was not arresting anyone), but rather was engaging in a purely personal pursuit.

As discussed below, Whitley was not acting within the scope of his employment when he engaged in the alleged misconduct. Instead, he was acting on a personal (and criminal) pursuit, and soliciting minors for sexual conduct cannot be said to be fairly attributable to the City. Therefore, allegations regarding Whitley's alleged abuse of authority notwithstanding, Plaintiff has not alleged state action. Accordingly, her *Monell* claim fails for lack of a constitutional violation.

**II.    Plaintiffs' *Monell* claim should be dismissed because it fails to establish the requisite causal connection.**

Even if this Court finds that Plaintiff has plausibly pled a constitutional violation, Plaintiff's *Monell* claim must also be dismissed pursuant to Rule 12(b)(6) because it fails to causally connect the alleged practices and customs of the City to the specific conduct alleged against Whitley. Not only must a plaintiff show the existence of a widespread practice in the municipality, but a plaintiff must

6

also demonstrate causation. *See Young v. Village of Romeoville*, No. 10 C 1737, 2011 WL 1575512, at *1 (N.D. Ill. Apr. 27, 2011) ("In addition to showing that the municipality acted culpably in one of those three ways, the plaintiff must prove causation, demonstrating that the municipality, through its deliberate conduct, was the moving force behind the injury alleged.") (cleaned up).

In order to show causation, a plaintiff must demonstrate that the municipality's deliberate conduct was the "moving force" behind the alleged injury. *Bd. Of Comm'rs. Of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997); *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013) (explaining "deliberate action" by the municipality must be the moving force behind the constitutional violation). The first line of inquiry is "whether the complaint alleges a direct causal link between a policy or custom of the [municipality] and the alleged constitutional violations." *Est. of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (cleaned up); *see also Mikolon v. City of Chi.*, No. 14 CV 1852, 2014 WL 7005257, at *4 (N.D. Ill. Dec. 11, 2014) ("A municipality may be found liable under Section 1983 only where the municipality itself has caused the constitutional violation.") (cleaned up).

In *Johnson*, in a case in which the underlying misconduct was an alleged sexual assault by an on-duty government employee, the Seventh Circuit held that the *Monell* claims were properly dismissed at the pleading stage by looking to the requirement that an alleged policy or practice must have been the "moving force" behind the alleged constitutional violation. 526 F. App'x at 694. In *Johnson*, the plaintiff alleged that Cook County should be liable under *Monell* for various widespread policies or practices, including "encouraging the suppression of complaints of misconduct to cover up inadequacies in the supervision and treatment of detainees[.]" *Id.* at 695. The Seventh Circuit agreed with the district court that the plaintiff cannot establish a constitutional violation based on this allegation against Cook County. *Id.* at 696 ("Even if Cook County had a history of suppressing complaints . . . that cannot be the moving force behind the sexual assault that occurred here. **The link between the cause alleged and the harm that occurred is much too attenuated**.") (emphasis

7

added) (cleaned up). As the Seventh Circuit concluded, "[w]e are not convinced that any set of facts could support Johnson's allegation that Hill sexually assaulted Johnson as a direct result of a 'widespread custom or policy.'" *Id.* In this case, Plaintiff's Complaint suffers from the same deficiency: the connection between the various municipal policies and practices that she alleges exist and the sexual assault that she alleges took place is so weak or remote that the former could not plausibly have caused the latter. For this reason as well, this Court should dismiss Plaintiff's *Monell* claim.

**III.    Plaintiff's state law claims contained in Counts IV-VII should be dismissed because Whitley was not acting within the scope of his employment at the time he allegedly engaged in sexual conduct with Plaintiff.**

An employer "may **not** be held vicariously liable for an employee's willful and wanton, intentional, or criminal act if it occurred **outside the scope of employment** or was solely in furtherance of the employee's own interests." *Mueller by Math v. Cmty. Consol. Sch. Dist. 54*, 678 N.E.2d 660, 665 (Ill. App. Ct. 1997) (emphasis added) (cleaned up). The general rule in Illinois is that "a municipality may be held liable for the tortious acts of police officers **in the scope of their employment**." *Wolf v. Liberis*, 505 N.E.2d 1202, 1206 (Ill. App. Ct. 1987) (emphasis added) (cleaned up). If a municipal employee is **not** acting within the scope of his employment when he commits a tort, the employing municipality **cannot** be held liable under either *respondeat superior* or indemnification. *See Bagent v. Blessing Care Corp.*, 862 N.E.2d 985, 991 (Ill. 2007); 745 ILCS 10/9-102. Moreover, "an employer is not responsible for acts which are clearly inappropriate to or unforeseeable in the accomplishment of an authorized result," and "if a deviation is exceedingly marked and unusual, the employee may be found to be **outside the scope of employment as a matter of law.**" *Wright v. City of Danville*, 675 N.E.2d 110, 118 (Ill. 1996) (emphasis added) (cleaned up).

Under Illinois law, acts of sexual assault are not within the scope of employment as a matter of law. *Deloney v. Bd. of Educ. of Thornton Twp.*, 666 N.E.2d 792, 797 (Ill. App. Ct. 1996). "**Sexual assault by its very nature precludes a conclusion that it occurred within the employee's scope of**

8

**employment** under the doctrine of *respondeat superior.*" *Doe ex rel. Doe v. Lawrence Hall Youth Servs.*, 966 N.E.2d 52, 62 (Ill. App. Ct. 2012) (emphasis added) (cleaned up). In *Deloney*, a student at a public school filed suit after a truant officer allegedly sexually assaulted her under the guise of reviewing her enrollment application. 666 N.E.2d at 793–94. The student filed suit based on these actions, which she claimed occurred while the officer was employed by the school board and were within the scope of his employment. *Ibid.* In affirming the grant of summary judgment for the defendant school board, the appellate court held that:

> Here, as noted above, the gravamen of the civil rights action was the alleged sexual misconduct of Deloney. That conduct, **aggravated criminal sexual abuse, by its very nature precludes a conclusion that it was committed within the scope of employment**. While an act may be within the scope of employment although consciously criminal (Restatement (Second) Agency § 231, at 512 (1958)), generally, **acts of sexual assault are outside the scope of employment.**

*Id.* at 797 (emphasis added) (cleaned up). The *Deloney* court also held that scope of employment "excludes conduct by an employee that is solely for the benefit of the employee." *Id.* at 798.

Here, as in *Deloney,* Plaintiff claims that, essentially, Whitley sexually assaulted her. Doc. 18 at ¶¶ 40–60. No court has extended *respondeat superior* liability to apply to sexual assault claims in Illinois. *See Johnson*, 526 F. App'x at 697 ("counsel conceded at oral argument that we would be the first court interpreting Illinois law to extend the doctrine of *respondeat superior* to a sexual assault claim. We decline to do so.") "Under Illinois law, sexual assault categorically is **never within the scope.**" *Martin v. Milwaukee Cnty.*, 904 F.3d 544, 556 (7th Cir. 2018) (emphasis added) (cleaned up).

Under the Tort Immunity Act, a municipality must indemnify an employee who is liable for a judgment or settlement "while acting within the scope of his employment." 745 ILCS 10/9-102. Similarly, "[u]nder the theory of *respondeat superior,* an employer can be liable for the tort of an employee, but **only for those torts that are committed within the scope of employment.**" *Bagent*, 862 N.E.2d at 991 (emphasis added) (cleaned up). Further, the Illinois Municipal Code provides that:

"the municipality in whose behalf the member of the municipal police department is **performing his or her duties as a police officer** shall indemnify the police officer for any judgment recovered against him or her as the result of such injury, **except where the injury results from the wilful misconduct of the police officer**." 65 ILCS 5/1-4-5 (emphasis added). Because Whitley was not acting within the scope of his employment at the time of the conduct at issue, Plaintiff's Child Sexual Abuse (Count IV), Sex Trafficking (Count V), Battery (Count VI), and Intentional Infliction of Emotional Distress (Count VII) claims should be dismissed against the City.

**IV.  Plaintiff's Count III "Failure to Investigate, Effectively Investigate, and/or Appropriately Discipline" claim should be dismissed because it is barred by the Tort Immunity Act.**

Count III of Plaintiff's Complaint is titled as a "Failure to Investigate, Effectively Investigate, and/or Appropriately Discipline Claim." Doc. 18 at ¶¶ 83–90. This claim fails because it is barred by section 2-201 of the Tort Immunity Act, which provides as follows:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201. Any protections afforded the public employee(s) responsible for investigating or disciplining Whitley in this case would be extended to the City because "[a] local public entity is not liable for the injury resulting from an act or omission of its employee where the employee is not liable." *Spangenberg v. Verner*, 747 N.E.2d 359, 362 (Ill. App. Ct. 2001) (citing 745 ILCS 10/2-109). "Moreover, section 2-201 [of the Tort Immunity Act] immunizes liability for both negligence and willful and wanton conduct. *Id.* (cleaned up).

Immunity under section 2-201 attaches where the alleged injury results from an act or omission involving both the determination of policy and the exercise of discretion. *Harinek v. 161 N. Clark St. Ltd. P'ship*, 692 N.E.2d 1177, 1181 (Ill. 1998). As alleged in Count III, Plaintiff's claims against the

10

City for the City's alleged failure to effectively investigate and/or appropriately discipline Whitley are barred by section 2-201 because those claims involve determination of policy and the exercise of discretion. Indeed, "courts have routinely dismissed complaints based upon injuries caused by municipal decisions regarding the hiring, firing, discipline, and supervision of employees, because such actions are discretionary policy decisions." *Rufus v. City of Chi.*, 18 C 7753, 2021 WL 1088311, at *3 (N.D. Ill. Mar. 22, 2021). If the decision to hire, fire, or discipline is not predetermined, then it is both a policy determination and discretionary. *See Brooks v. Daley*, 29 N.E.3d 1108, 1116–17 (Ill. App. Ct. 2015) (finding "when [the employee] was accused of sexual harassment, defendants made a decision concerning the effect that the allegations would have on efficiency and harmony in the workplace. Such a judgment call is both a policy determination and a discretionary action, since the outcome was not predetermined but left to defendants' judgment.") (cleaned up). Accordingly, Count III of Plaintiff's Complaint is barred by section 2-201 of the Tort Immunity Act and should be dismissed.

**V.   Plaintiff's Count III "Failure to Investigate, Effectively Investigate, and/or Appropriately Discipline" claim should be dismissed because Plaintiff has not adequately pled proximate cause.**

The Illinois Supreme Court has noted that "no separate and distinct tort exists for willful and wanton conduct," "rather, willful and wanton conduct is regarded as an aggravated form of negligence," so "a plaintiff must allege and prove the same elements for a willful and wanton cause of action as she does for a negligence action." *Doe v. Coe*, 135 N.E.3d 1, 20 (Ill. 2019) (cleaned up).

For a plaintiff to state a cause of action for negligence in Illinois, "the complaint must allege facts sufficient to establish three elements: (1) the existence of a duty of care owed to the plaintiff by the defendant; (2) a breach of that duty, and (3) an injury proximately caused by that breach." *Guvenoz v. Target Corp.*, 30 N.E.3d 404, 422 (Ill. App. Ct. 2015) (cleaned up). In this case, Plaintiff does not allege how a failure to investigate and discipline Whitley could have possibly led to Whitley sexually assaulting Plaintiff. Under Illinois law, the proximate causation element "is satisfied when the

employee's particular unfitness **rendered the plaintiff's injury foreseeable** to a person of ordinary prudence in the employer's position." *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 649 (7th Cir. 2017) (emphasis added) (cleaned up). The connection between any alleged failure to investigate and discipline and the sexual assaults that Plaintiff alleges took place is so weak or remote that the former could not plausibly have caused the latter. Nothing in the complaints made against Whitley would have made it foreseeable to the City that he would engage in sex acts with minors. Moreover, Plaintiff alleges that Whitley ***was*** investigated and received sustained allegations for past misconduct. *See* Doc. 18 at ¶¶ 10–14. Therefore, the alleged link between a purported failure to adequately discipline Whitley and the harm that Plaintiff claims she suffered is much too attenuated. As such, Count III of Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the City hereby respectfully requests that all claims against it be dismissed with prejudice and for any further relief the Court deems appropriate.

    Respectfully submitted,

    /s/Marion C. Moore
    Chief Assistant Corporation Counsel

Marion C. Moore, Chief Assistant Corporation Counsel
Matthew H. Bunn, Assistant Corporation Counsel
City of Chicago, Department of Law
2 N. LaSalle St., Suite 420
Chicago, IL 60602
312-744-5170 (Moore)
Atty No. 6302566 (Moore)
marion.moore@cityofchicago.org
matthew.bunn@cityofchicago.org
*Attorneys for Defendant The City of Chicago*