IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 24-cv-561 |
| ) | |
| v. ) | |
| ) | Honorable Matthew F. Kennelly |
| WILLIAM WHITLEY and THE ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO ALTER THE JUDGMENT

Plaintiff Jane Doe, by and through her attorney, Peter T. Sadelski of Ed Fox & Associates, Ltd., files this Motion to Alter the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure and states as follows:

1. Plaintiff filed an amended complaint that included seven counts. Dkt. No. 18. Count I was against former police officer William Whitley in his individual capacity. Id. ¶ 7. Plaintiff alleged that Whitley violated her Fourteenth Amendment right to bodily integrity when he sexually abused her while acting under color of law. Id. ¶¶ 7, 68-73.

2. Counts II-VII were against the City of Chicago. Id. ¶¶ 74- 112. In Count II, Plaintiff alleged that the City of Chicago had widespread customs of 1) failing to investigate, adequately investigate, and discipline its police officers; and 2) a code of silence within the police department. Id. ¶¶ 7, 74-82. Plaintiff alleged that both widespread customs were the moving forces behind Plaintiff's constitutional deprivation of bodily integrity that Whitley committed under color of law. Id. In

Counts III-VII, Plaintiff alleged various theories of liability under state law. Id. ¶¶ 83-112.

3. The City of Chicago moved to dismiss Counts II-VII. Dkt. No. 24. Whitley did not answer the complaint, answer the amended complaint, or move to dismiss. Nevertheless, the Court dismissed the entire case including Count I against Whitley. Dkt. No. 33. The Court did not enter a written opinion but instead made an oral ruling pursuant to the Seventh Circuit's holding in *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978 (7th Cir. 2021). However, *LaPorta* is fundamentally distinguishable from this case, and Plaintiff respectfully asks the Court to alter its judgment under FRCP 59(e).

4. Rule 59(e) is appropriate when the district court made a "manifest error of law or fact." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

5. In *LaPorta*, an off-duty police officer shot the plaintiff in the head after a night of drinking. 988 F.3d 978, 982 (7th Cir. 2021). The case eventually made it to trial. *Id.* After the trial concluded, the jury found the municipality liable. *Id.* at 985. Notably, it determined that the municipality's "failure to maintain an adequate early warning system and its failure to adequately investigate and discipline officers—caused [the off-duty officer] to shoot [the plaintiff]." *Id.* The municipality moved for judgment as a matter of law. *Id.* The trial court denied the motion. *Id.* The municipality appealed. *Id.* The Seventh Circuit reversed. *Id.* The Court stated that it was "undisputed that [the off-duty officer] was not acting under color of state law when he shot [the plaintiff]." *Id.* at 987. As a result, the Court held that the plaintiff

2

did not suffer a "constitutional violation because the [municipality] had no due-process duty to protect [the plaintiff] from [the off-duty officer's] private violence." *Id.*

6. Conversely, here Plaintiff did allege a constitutional violation. Plaintiff alleged that she was deprived of her right to bodily integrity by being sexually abused by Whitley, who acted under color of law. Dkt. No. 18 ¶¶ 7, 70. And it is well-settled law that sexual abuse can happen under color of law.

7. For example, in *Hess v. Garcia*, the Seventh Circuit decided that the defendant police officer who sexually touched the plaintiff without her consent while on a ride-along acted under color of law. 72 F.4th 753, 756 (7th Cir. 2023).

8. Moreover, in *Doe v. Smith*, the Seventh Circuit determined that the defendant public school teacher—who had the opportunity to molest a student because he used his authority to persuade the juvenile judge to release a student to his custody—acted under color of law. 470 F.3d 331 (7th Cir. 2006).

9. Furthermore, in *Doe v. City of Chicago*, the plaintiff alleged that Whitley bragged about being a police officer, kept his uniform prominently displayed, wore jewelry displaying the CPD logo, and kept his department-issued firearm nearby. No. 19 C 7375, 2020 WL 1675639 at *2 (N.D. Ill. Apr. 6, 2020). The Court stated that Whitley "exploited his status as a Chicago police officer to harm plaintiff and other victims." *Id.* The Court concluded that the plaintiff alleged enough facts to plausibly infer that Whitley sexually abused her under color of law. *Id.*

10. Here, Plaintiff alleged facts that considered in tandem plausibly infer that Whitley acted under color of law. First, Whitley hosted multiple parties where

he and other CPD officers sexually abused her. Dkt. No. 18 ¶¶ 40-55. At these parties, multiple men had CPD badges, multiple men had guns at their waists, multiple men had handcuffs, a CPD jacket hung on Whitley's bedroom door, a man wore a CPD jacket, and there was a CPD police vehicle parked outside. Id. Second, on occasion, when Whitley sexually abused Plaintiff, he wore a gold necklace with a CPD badge and said things like, "That's the type of shit I lock people up for" and "Bitch, I'm the police." Id. ¶¶ 49, 56-57. Third, on a specific occasion, a person accidentally bumped into Whitley. Id. In response, Whitley revealed his gold CPD necklace, drew his firearm, pointed it at the person, and threatened to arrest him. Id. Then, Whitley sexually abused Plaintiff. Id.

11.     Those facts in tandem create the plausible inference that Whitley acted under color of law.

12.     In sum, because Plaintiff plausibly alleged that Whitley's conduct was done under color of law, she respectfully asks the Court to reinstate the entire case or at minimum Count I against Whitley and Counts III-VII against the City of Chicago.

WHEREFORE, Plaintiff Jane Doe respectfully requests that this Honorable Court grant her Motion to Alter the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure and provide such other and further relief as this Court deems just and proper.

Dated: August 6, 2024

                                                          Respectfully submitted,

/s Peter T. Sadelski
Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
psadelski@efoxlaw.com
Attorney for Plaintiff